**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: ALMA JEANNE SLIZYK

ALMA JEANNE SLIZYK,

                    **Appellant,**

-vs-                                                    **Case No.  6:06-cv-1896-Orl-19**

STEVEN A. SMILACK,

                    **Appellee.**

_____

## ORDER

This case comes before the Court on the Brief for the Appellant filed by Alma Jeanne Slizyk on January 11, 2007.  (Doc. No. 11).  An Appellee's Brief was not filed in the instant case.  (*See* Doc. No. 17, filed on June 4, 2007).

### Background

The following facts are not in dispute.  Appellant Alma Jeanne Slizyk and Appellee Steven A. Smilack were formerly married.  The parties were married in November of 1985 and separated in February of 1991.  (Doc. No. 1-10, p. 2).  On June 1, 1998, the parties were officially divorced.  (*See generally* Doc. No. 1-10).  The presiding Judge who granted the Dissolution of Marriage noted that up to that point in time, the parties had been fighting in state court for over six (6) years, and their case had involved over 1100 docket entries, thousands of pages of documents, 70 pretrial hearings, domestic violence injunctions against both parties, several attorneys, and one special master.  (*Id*. at p. 1).  The Judge further noted

-1-

that almost no discovery attempt or other issue in the case had been uncontested.  (*Id.*)  After the divorce, the parties continued to litigate against each other in both state and federal court. In fact, since filing for divorce, the parties have continued to litigate against each other in the Florida and federal court systems for over fifteen (15) years.  (*E.g.*, Doc. No. 1-29, p. 1). During the course of this protracted series of cases, the behavior and the litigation tactics of both parties have been called into question by various judges who have observed the behavior and testimony of both Mr. Smilack and Ms. Slizyk.  (*See, e.g.*, Doc. No. 1-23, p. 1, n. 1 (noting how both parties submitted briefs to the Court which were not requested and reminding Mr. Smilack of his ethical obligations as an attorney not to attempt to "slip something by" the Court); Doc. No. 5, Ex. 1, p. 1 (noting the amount of time, documents, and attorneys the litigation had consumed up to that point, noting how nearly every issue had been contested, and suggesting that Ms. Slizyk's claims of physical distress were unfounded); Doc. No. 5, Ex. 2, pp. 1-2 (noting that Ms. Slizyk failed to produce certain original documents at trial); Doc. No. 5, Ex. 5, p. 3) (suggesting that the Judge did not believe Ms. Slizyk's testimony); Doc. No. 1-29 (stating that Mr. Smilack's Proof of Claim was "severely deficient and misleading")).

As part of the Final Judgment of Dissolution of Marriage, the Seventh Judicial Circuit Court of Florida entered an Order stating, *inter alia*, that Ms. Slizyk was to pay Mr. Smilack $10,848.00.  (Doc. No. 1-10, p. 5).  On March 24, 2005, the Court granted Mr. Smilack's Motion to increase the judgment amount to $62,072.68,[1] pursuant to an opinion

---

[1]     This amount was erroneously cited by the United States Bankruptcy Court as "$62,078.98." However, the Order entered by the Seventh Judicial Circuit clearly directed judgment for Mr. Smilack for the amount of $62,078.68, plus interest at

by the Fifth District Court of Appeal for the State of Florida.  (Doc. No. 1-29, p. 2; Doc. No. 5, filed on December 22, 2006, at Ex. 2).

On October 15, 2005, Ms. Slizyk filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.  (*E.g*., Doc. No. 1-29, p. 1).  On December 2, 2005, Mr. Smilack filed a Complaint in the underlying bankruptcy case, seeking a denial or exception to the bankruptcy discharge for, *inter alia*, the $62,078.68 judgment entered in his favor against Ms. Slizyk.  The United States Bankruptcy Court held hearings regarding this matter on April 11, May 2, June 20, and July 12, 2006.  (*E.g*., Doc. No. 1-23, p. 1).  At the end of the July 12 hearing, the United States Bankruptcy Judge ruled orally on motions by the parties.  (*See, e.g., id.* at p. 1).  The Judge issued a written Order on August 28, 2006, titled "Findings of Facts and Conclusions of Law," which further explained such rulings.  (*See generally id.*).

In his Order, the Bankruptcy Judge found, *inter alia*, that pursuant to 11 U.S.C. Section 523(a)(15), Mr. Smilack was entitled to have the $62,078.68 judgment entered in his favor excepted from the bankruptcy discharge.  (*Id*. at p. 12).  The Court confirmed this ruling by entering a written judgment in the case in favor of Mr. Smilack on this issue on August 28, 2006.  (*See* Doc. No. 1-3).

Appellant Alma Jeanne Slizyk now appeals the Bankruptcy Court's Order, arguing that the Court erred in not finding the $62,072.68 judgment dischargeable under either prong of Section 523(a)(15).  (Doc. No. 11, p. 2).  Appellant further argues that the Court erred in refusing to enforce an Order to Compel Discovery dated April 5, 2006 and in failing to allow

the legal rate.  (*E.g.,* Doc. No. 5, at Ex. 2).

certain testimony at trial.  (*Id.*)  Finally, Ms. Slizyk argues that the amount in question was actually a debt to Mr. Smilack's mother and that it was error for the Bankruptcy Court to include the debt to a third party that was gratuitously assigned to the Creditor as an exception to discharge under Section 523(a)(15).  (*Id.*)  Appellee Steven A. Smilack has chosen not to file an Appellee's Brief in the instant case,  stating that he relies upon the findings of fact and the presumption of correctness as to the Bankruptcy Court's ruling.  (Doc. No. 17).

## Standard of Review

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court.  *See, e.g., In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994).  While the Court reviews *de novo* the legal conclusions of a bankruptcy court,[2] under Federal Rule of Bankruptcy Procedure 8013, "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  *E.g., In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989), *cert. denied*, 497 U.S. 1007 (1990).  A finding of fact is clearly erroneous when the Court finds that "although there is evidence to support [the Bankruptcy Court's] finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[2]    *See, e.g., Rivercity v. Herpel*  (*Matter of Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980).  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

The burden of showing clear error when clear error is alleged falls on the party seeking to overturn a bankruptcy court's findings. *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

Under *de novo* review, the standard applied to a Bankruptcy Court's conclusions of law, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) "*De novo* review requires the court to make a judgment independent of the bankruptcy court's, without deference to that court's analysis and conclusions." *Id.; see also In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

## Analysis

### A.  Excepting the Judgment from Discharge under 11 U.S.C. Section 523(a)(15)

The Court finds that the Bankruptcy Judge committed no error in finding that the $62,072.68 state court judgment was excepted from the bankruptcy discharge under the analysis of 11 U.S.C. Section 523(a)(15).

In 1994, Congress expanded the statutory exceptions to a bankruptcy discharge for marital obligations by adding Section 523(a)(15) to the United States Bankruptcy Code. Section 523(a)(15) excepts from discharge marital obligations that are not non-dischargeable, such as alimony, maintenance, or support obligations.  Non-dischargeability under Section 523(a)(15) is subject to two exceptions.  Subsection (A) provides that the obligation is discharged if the debtor:

> [D]oes not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or

support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 523(a)(15)(A) (2005).[3]  Furthermore, Subsection (B) provides for a discharge if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B) (2005).  The existence of either exception will function to permit the debtor a discharge of her obligation.  *E.g., In re Molino*, 225 B.R. 904, 907 (6th Cir. BAP 1998).

Once a debt is shown to be excepted from discharge, the burden becomes the debtor's to affirmatively prove that one of the two exceptions to non-dischargeability in subsections (A) or (B) applies.  *E.g., Molino*, 225 B.R. at 907; *In re Gamble*, 143 F.3d 223, 226 (5th Cir. 1998).  The debtor must make this showing by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991).

The Bankruptcy Judge made no error in finding that Ms. Slizyk did not prove by a preponderance of the evidence that the exception contained in subsection 523(a)(15)(A) was applicable in the instant case.  Appellant concedes that it was her burden at trial to demonstrate that the exception in subsection (A) applied to her debt.  (*E.g.*, Doc. No. 11, p. 24).  At trial the Bankruptcy Court made the following findings of fact regarding Appellant, none of which Appellant argues are clearly erroneous.  Appellant has a college degree, a masters degree in applied sociology, and a law degree.  (Doc. No. 1-23, ¶ 9).  She is not in

---

[3]     Although the applicable statute has recently been amended by Congress to remove such balancing test, the statutory amendments are inapplicable to cases commenced before the effective date of the amendment.  *See* 11 U.S.C. § 523(a)(15) (2006) (Historical and Statutory Notes); *see also* Pub. L. 109-8 § 1501; 11 U.S.C. § 101.

optimum health but is capable of performing some work and working to pay the debts she has incurred in divorce court.  (*Id.*)  Appellant testified at trial that her main obstacle in not being able to maintain a job was not her health, but has to do "primarily with the ongoing litigation between herself and [Mr. Smilack]."  (*Id.* at pp. 11-12).

Appellant argues that the Bankruptcy Court erred in failing to give enough weight to her prior level of earnings, which Appellant contends was very low, her large amount of student loan debt, and how few years of potential employment remain considering her age, health, and physical condition.  Appellant attempts to present this Court with new information on her current age, physical limitations, and living situation, which the Court will not consider on appeal.  *See, e.g., N.L.R.B. v. Children's Hosp. of Michigan*, 6 F.3d 1147, 1153 (6th Cir. 1993) (appellate court, with very rare exceptions, must confine its review to that which comprised the record in the trial court); *N.L.R.B. v. Hicks Oil & Hicksgas, Inc.*, 942 F.2d 1140, 1143 (7th Cir. 1991) (refusal to remand to consider new evidence).

In the instant case, Appellant's contention that the Bankruptcy Court did not give enough weight to her prior earnings level, debt, age, and physical condition is not well taken.  First, the Judge was clearly entitled to place more weight on Appellant's future earning potential than her past earning potential.  Ability to pay under § 523(a)(15) does not necessarily mean at the time of the trial.  *E.g.*, *Molino*, 225 B.R. at 908.  In fact, this section *requires* the Court to consider the debtor's future earning capacity.  *Id.* (emphasis added).

In addition, the Judge gave due weight to Appellant's age and physical condition. The Judge noted that although Appellant had some health problems, she possessed several

advanced degrees, and her health problems would not prohibit her from good future employment in a sedentary position in an area in which she obtained one of her degrees. (*E.g.*, Doc. No. 1-13, p. 11).  Finally, Appellant's own testimony also supports the Judge's conclusion.  Appellant testified at trial that her main obstacle in not being able to maintain a job was not her physical health, but the ongoing litigation between herself and Mr. Smilack. (*E.g.,* Doc. No. 1-23, pp. 11-12).  Thus, it was reasonable for the Judge to conclude that once the case had concluded, Appellant would have greater earning potential and ability to pay the debt incurred from the dissolution of marriage. *See, e.g.*, *Molino*, 225 B.R. at 908; *In re Crosswhite*, 148 F.3d 879, 883 (7th Cir. 1998) (noting lower court's analysis that debtor with current inability to pay had future capability to pay due to skill and experience in particular trade).  For these reasons the Bankruptcy Court did not err in concluding that the exception in Section 523(a)(15)(A) did not apply to the instant case.

Next, the Court finds the Bankruptcy Judge did not err in finding that the exception contained in Section 523(a)(15)(B) also did not apply to Appellant.  It was Ms. Slizyk's burden at trial to demonstrate that discharging the debt would result in a benefit to her that outweighs the detrimental consequences to the creditor.  *E.g., Crosswhite*, 148 F.3d at 885, She did not meet such burden.

The analysis under Section 523(a)(15)(B) involves the application of a balancing test. In determining whether the debtor has demonstrated that the benefit to the debtor of discharging the debt outweighs the detrimental consequences of discharge to the creditor spouse, this section requires a review of the totality of circumstances in comparing the financial situation of both parties and considering any other relevant subjective factors. *E.g.,*

-8-

*Gamble,* 143 F.3d at 226.  The appropriate date for determining the parties' relative positions pursuant to the § 523(a)(15)(B) balancing test is at or about the time of trial, not the date of the divorce decree.  *Id.* at 308; citing *In re Hesson*, 190 B.R. 229, 238 (Bankr. M.D. Fla. 1995).  A Bankruptcy Court may consider several factors concerning the parties and their respective spouses when assessing the relative impact of dischargeability, such as, their current income, current assets, current liabilities, and their current health, job skills, training, age, and education.  *In re Justice,* 168 Fed. Appx. 39, 45 (6th Cir. 2006); *Molino*, 225 B.R. at 908.

In the case at bar, the Bankruptcy Court committed no error in finding that Appellant did not meet her burden of showing that the benefit to her of a discharge outweighed the detriment to her creditor ex-husband.  The Bankruptcy Judge, in considering the equities involved, noted that of the $290,000.00 debt claimed by Appellee, only approximately $62,000.00 would be excepted from discharge.  (Doc. No. 1-23, p. 11).  Furthermore, as noted above, it was not error for the Bankruptcy Court to conclude that based on her advanced degrees, Appellant had good job skills and future earning potential, and that her past earnings were not indicative of her future earning potential.  The marriage did not produce a child, and Appellant has no dependent children which depend on her income for support.  (*E.g.*, Doc. No. 11, p. 37).  Based on these facts, the Court finds that the Bankruptcy Judge's conclusion on weighing the evidence and testimony is "plausible in light of the record viewed in its entirety."  *E.g., In re Acosta*, No. Civ.A. 02-0639, 2003 WL

23109775, at *14 (E.D. La. Dec. 30, 2003).[4]

For these reasons, the Court affirms the conclusions of the Bankruptcy Court on this issue.

### B.  Failure by Appellant to Provide the Court with the Trial Transcript

Appellant raises several other issues on appeal.  Appellant argues that the Bankruptcy Court granted her motion to compel discovery but failed to enforce it at trial.  (*E.g.*, Doc. No. 11, p. 43).  Appellant argues that the Bankruptcy Court appeared to indicate at trial that it had forgotten that it had entered the Order.  (*Id.* at p. 44).  Appellant further argues that the Bankruptcy Judge cut her off during her testimony and refused to let her testify about pertinent issues in the case.  (*E.g., id.* at p. 19, 26).  As evidence of these arguments, Appellant cites to the transcript of the trial proceedings.  However, Appellant has failed to include the trial transcript in the record on appeal or include the trial transcript in the designation of items to be included on appeal.  (*See, e.g.*, Doc. No. 1-4, 1-5; Doc. No. 5).

Rule 8006 of the Federal Rules of Bankruptcy Procedure requires the appellant to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten days of filing a notice of appeal.  Fed. R. Bankr. P. 8006.  In addition to the items designated by the parties and a statement of issues, and any opinion, findings of fact and conclusions of law of the court, the rule further requires appellants to "arrange for any transcripts to be delivered to the clerk."  *E.g., In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000).  The appellant is the

---

[4]  The Bankruptcy Court conducted eight (8) hours of trial on this matter and was clearly in the best position to judge the credibility of the witnesses who testified under oath before it.  *See, e.g., In re Anderson*, 936 F.2d 199, 204 (5th Cir. 1991).

party responsible for presenting a complete record on appeal and will not prevail on any assignment of error which depends on information omitted from the designation. *Id.*; *see also In re Dockal*, No. 04-50796-LMC, 2005 WL 3337774, at *2 (W.D. Tex. Sept. 6, 2005).

The purpose of the record designation and submission requirement is to provide the reviewing Court with the means to apply the relevant law to the facts of the case. *In re CPDC Inc*., 221 F.3d 693, 698 (5th Cir.2000). "Of course, an appellant's failure to provide a transcript is more critical when the ruling being appealed is oral." *In re Zinni*, 261 B.R. at 202; *see also McGinnis v. Gustafson*, 978 F.2d 1199, 1200 (10th Cir. 1992).

Appellant thus has the burden to designate items and include the transcript in the record on appeal. *Dockal*, 2005 WL 3337774, at *2. However, Appellant did not designate the applicable trial transcript from the Bankruptcy Court file to be included in the record on appeal, nor did she submit the transcript herself. "Without the transcript, or at least the relevant portion thereof, [Appellant] ha[s] no basis to argue on appeal that the Bankruptcy Court made an unsupported finding of fact or conclusion of law." *Id.* (citing *Zinni*, 261 B.R. at 202). Due to Appellant's omission the Court would be forced to "speculate regarding the precise nature" of the Bankruptcy Judge's reasoning for these alleged rulings at trial. *McGinnis*, 978 F.2d at 1200. Under these circumstances, the failure to designate and submit the required transcript involves "more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus." *Id*. It leaves a court "with no alternative but to affirm the affected ruling." *Id*.

For these reasons, the Court declines to further address these arguments by Plaintiff.

## C.  Validity of the Exception from Discharge under 523(a)(15)

Lastly, Appellant argues that it was error for the Court to include $38,146.16 of the approximately $62,000.00 as debt excepted from discharge under Section 523(a)(15) because the debt was gratuitously assigned to Appellee by his mother and thus cannot fall under 523(a)(15).  This argument is not well taken.

First, to the extent Appellant attempts to argue that the debt is not valid, this issue has already been litigated in state court and in the Bankruptcy Court and thus is not a proper matter on appeal from the Bankruptcy Court's judgment.[5]

Secondly, Appellant argues that Mr. Smilack stated that he paid or had an agreement to pay his mother for the assignment and thus committed perjury before the Bankruptcy Court because this statement is not actually true.  Appellant further argues that she could not prove that Mr. Smilack committed perjury because the Bankruptcy Judge refused to enforce his Order granting her motion to compel discovery at trial.  (Doc. No. 11, p. 48).  For the reasons stated above, the Court rejects this argument and affirms the findings of fact and conclusions of law of the Bankruptcy Court due to Appellant's failure to include in the designation of items to be included in the record on appeal sufficient evidence to support this argument.

## Conclusion

Based on the foregoing, the Court **AFFIRMS** the Order of the United States Bankruptcy Court.  (Doc. No. 1-23).  The Clerk shall close this case.

---

[5]     Even if this issue could be re-litigated here, the Court finds no error in the Bankruptcy Judge accepting such debt as valid.  (*E.g.*, Doc. No. 1-29).

**DONE and ORDERED** in Chambers in Orlando, Florida this 23rd_ day of July, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties