**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: ALMA JEANNE SLIZYK**

**ALMA JEANNE SLIZYK,**

         **Appellant,**

**-vs-**                                                            **Case No. 6:06-cv-1896-Orl-19**

**STEVEN A. SMILACK,**

         **Appellee.**

_____

**ORDER**

This case comes before the Court on the Appellant's Amended Motion for Reconsideration of Order filed 7/24/2007,[1] filed by Appellant Alma Jeanne Slizyk on August 3, 2007, (Doc. No. 20), and the accompanying affidavit, filed by Appellant on August 7, 2007. (Doc. No. 21).[2]

---

[1] Appellant asks the Court to incorporate her arguments in her first Motion for Reconsideration (Doc. No. 19, filed on August 3, 2007), into her Amended Motion for Reconsideration. Normally, the Court requires an amended document to replace the prior document in its entirety. (*See, e.g.,* Local Rule 4.01). However, in the interests of justice, and because the arguments raised in the first motion are substantially similar to the arguments in the latter motion, the Court will consider the arguments in both motions.

[2] Appellee Steven A. Smilack has chosen not to file any opposing briefs in the instant case, stating that he relies upon the findings of fact and the presumption of correctness as to the Bankruptcy Court's ruling. (*See* Doc. No. 17).

Dockets.Justia.com

**Background**

On January 11, 2007, Appellant Alma Jeanne Slizyk filed in this Court an appeal of an Order of the United States Bankruptcy Court in and for the Middle District of Florida. (Doc. No. 11). On July 24, 2007, the Court entered an Order in the instant case affirming the Order of the United States Bankruptcy Court and directing the Clerk of Court to close this case. (Doc. No. 18, p. 12). In its Order, the Court affirmed the Bankruptcy Court after addressing the merits of Appellant's appeal on several issues, and affirmed the Bankruptcy Court on procedural grounds on several remaining issues.[3] Regarding the issues which were affirmed on procedural grounds, the Court found that Plaintiff had committed a fatal procedural error in failing to provide the Court with the trial court transcripts of several oral rulings which she appealed, and thus that the Court had no alternative but to affirm the appealed rulings. (*Id*. at p. 11).

Appellant now asks the Court to reconsider the portion of its Order based on Appellant's failure to provide the Court with the trial transcripts at issue, arguing that she did not cause any delay and that she in good faith believed the transcripts were part of the record. Appellant further states that she filed a Third Amended Designation of items to be sent to the Court on August 3, 2007, asking the Bankruptcy Court to deliver the transcripts at issue. (Doc. No. 20, ¶ 4).

---

[3] Namely, Appellant argued that the Bankruptcy Court granted her motion to compel discovery but failed to enforce it at trial and that the Bankruptcy Judge refused to hear all of Appellant's testimony about pertinent issues in the case. (*See, e.g.,* Doc. No. 18, p. 10). These arguments were rejected on procedural grounds. (*See id*. at pp. 10-12).

**Standard of Review**

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion fo reconsideration should not be used to reiterate arguments previously made. *Burger King*, 181 F.Supp.2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id*.

**Analysis**

Appellant's Motion for Reconsideration is granted in part. Appellant argues in her motion for reconsideration that the missing transcripts actually were in the record at the time the Court considered her appeal, that she understood that her personal purchase order for the transcripts also served as notice to the Bankruptcy Court to forward the transcripts to the Court, that a thirty (30) day extension to complete the transcripts hindered her ability to

ensure that the transcripts were part of the record, and that the Court should have notified her that the transcripts she cited were not part of the record so that she could have submitted them. (*See generally* Doc. Nos. 19 & 20). All of these arguments presented by Appellant in her motion for reconsideration are without merit and are not a valid basis for reconsideration of the Court's Order.

However, in the affidavit submitted with her motion for reconsideration, Plaintiff testifies that the Clerk's Office of the United States Bankruptcy Court for the Middle District of Florida stated to her that its records indicated that the transcripts at issue were actually sent to the Court in December of 2006. (Doc. No. 21-2, p. 2). As Appellant's affidavit is unrebutted by Appellee, this testimony now stands as an undisputed fact in the instant case, which means that either the Clerk of the Bankruptcy Court erred in stating the transcripts at issue had been transferred to the Court, or that the transcripts were mislaid by Court personnel. Either way, the Court finds that reconsideration is necessary in the instant case to prevent manifest injustice. Appellant in good faith believed that the transcripts were part of the record and the fact that the transcripts are not part of the record is due to no fault of Appellant.[4]

Appellant shall have seven (7) days from the date of this Order to submit the transcripts at issue to the Court so that the Court may reconsider the portions of its July 24,

---

[4], *See, e.g., Shirlington Limousine & Transp., Inc. v. U.S.*, --- Fed. Cl. --- , 2007 WL 2317524 (Fed. Cl. Aug. 9, 2007) (Where reconsideration is sought due to manifest injustice, the moving party prevails if it demonstrates that the injustice from the case is "apparent to the point of being indisputable." (quoting *Pacific Gas & Electric Co. v. U.S.*, 74 Fed. Cl. 779, 785 (Fed. Cl. 2006)); *see also Ammex v. U.S.*, 52 Fed. Cl. 555, 557 (2002) (defining "manifest" as "clearly apparent or obvious").

2007 Order which affirmed the ruling of the United States Bankruptcy Court based on Appellant's failure to include such transcripts. The Court will not reconsider the portions of its Order which affirmed the Bankruptcy Court on the merits. No further motions or argument should be submitted by the parties in this case.

### Conclusion

Based on the foregoing, the Appellant's Amended Motion for Reconsideration of Order filed 7/24/2007, filed by Appellant Alma Jeanne Slizyk on August 3, 2007, (Doc. No. 20), is **GRANTED IN PART**. Appellant shall have seven (7) days from the date of this Order to submit the transcripts at issue to the Court. Failure to submit these documents within seven (7) days will result in the instant case being closed without further notice.

The Clerk shall re-open this case.

**DONE and ORDERED** in Chambers in Orlando, Florida on August 20, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party(ies)

Clerk of Court