**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: ALMA JEANNE SLIZYK**

**ALMA JEANNE SLIZYK,**

      **Appellant,**

**-vs-**                  **Case No.  6:06-cv-1896-Orl-19**

**STEVEN A. SMILACK,**

      **Appellee.**
_____

**ORDER**

This case comes before the Court on the Court's Order granting reconsideration of a portion of the Brief for the Appellant, filed by Alma Jeanne Slizyk on August 24, 2007. (*See* Doc. No. 11, filed on January 11, 2007; Doc. No. 22, filed on August 20, 2007).[1]

**Background**

On January 11, 2007, Appellant Alma Jeanne Slizyk filed in this Court an appeal of an Order of the United States Bankruptcy Court in and for the Middle District of Florida. (Doc. No. 11).  On July 24, 2007, the Court entered an Order in the instant case affirming the Order of the United States Bankruptcy Court and directing the Clerk of Court to close this case.  (Doc. No. 18, p. 12).  In its Order, the Court affirmed the Bankruptcy Court, after

---

[1] Appellee Steven A. Smilack has chosen not to file any opposing briefs in the instant case, stating that he relies upon the findings of fact and the presumption of correctness as to the Bankruptcy Court's ruling.  (*See* Doc. No. 17).

-1-

addressing the merits of Appellant's appeal on several issues, and affirmed the Bankruptcy Court on procedural grounds on several remaining issues.[2] Regarding the issues which were affirmed on procedural grounds, the Court found that Appellant had committed a fatal procedural error in failing to provide the Court with the trial court transcripts of several oral rulings which she appealed, and thus that the Court had no alternative but to affirm the appealed rulings. (*Id*. at p. 11).

On August 20, 2007, the Court granted in part Appellant's Motion for Reconsideration, finding that as her affidavit was unrebutted, Appellant had presented the Court with undisputed facts which required reconsideration of a portion of the Court's prior Order in order to prevent manifest injustice. (Doc. No. 22, p. 4). Appellant was given seven days to submit the transcripts at issue to the Court, and the Court received such transcripts on August 21, 2007. (*See* Doc. No. 23). The Court will now reconsider a portion of its July 24, 2007 Order which affirmed the ruling of the United States Bankruptcy Court based on Appellant's failure to include the requisite trial transcripts. (*See* Doc. No. 22, pp. 4-5).

**Standard of Review**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See, e.g., In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). While the Court reviews *de novo* the legal conclusions

---

[2] Namely, Appellant argued that the Bankruptcy Court granted her motion to compel discovery but failed to enforce it at trial and that the Bankruptcy Judge refused to hear all of Appellant's testimony about pertinent issues in the case. (*See, e.g.,* Doc. No. 18, p. 10). These arguments were rejected on procedural grounds. (*See id*. at pp. 10-12).

of a bankruptcy court,[3] under Federal Rule of Bankruptcy Procedure 8013, "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *E.g., In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989), *cert. denied*, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when the Court finds that "although there is evidence to support [the Bankruptcy Court's] finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The burden of showing clear error when clear error is alleged falls on the party seeking to overturn a bankruptcy court's findings. *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

Under *de novo* review, the standard applied to a bankruptcy court's conclusions of law, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the bankruptcy court. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001) "*De novo* review requires the court to make a judgment independent of the bankruptcy court's, without deference to that court's analysis and conclusions." *Id.; see also In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

---

[3]  *See, e.g., Rivercity v. Herpel* (*Matter of Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980). In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

## Analysis

### A. Bankruptcy Court's Alleged Failure to Hear Appellant's Testimony

Appellant argues that the United States Bankruptcy Judge cut her off during her testimony and refused to let her testify about pertinent issues in the case. (*E.g.,* Doc. No. 11, pp. 19, 26). Specifically, Appellant alleges that the trial court suppressed her attempt to testify about her current ability to obtain a job, her current income, and her financial situation. (*Id.* at pp. 19, 26). The Court finds that the Bankruptcy Judge committed no error and affirms the ruling of the Bankruptcy Court on this issue.

During trial, Appellant attempted to testify before the Bankruptcy Court regarding her financial situation. (Doc. No. 23-6, p. 63). The Bankruptcy Judge interrupted Appellant's testimony, suggesting that such testimony was not relevant to the issues before the Court. (*Id.* at pp. 63-64). Appellant then stated to the Judge that she believed the information was relevant to whether she had filed the bankruptcy petition in good faith and relevant to the trial court's determination as to whether the state court judgment against her was dischargeable under 11 U.S.C. Section 523(a)(15). (*Id.* at p. 64). The Bankruptcy Judge then allowed Appellant to present testimony regarding her financial condition, her physical health, and medications she was currently taking. (*Id.*) The Judge allowed Appellant to complete her testimony without further interruption and did not rule that such testimony was inadmissible. (*Id.* at pp. 64-65).

Based on the record, the Court finds that the Bankruptcy Judge did not suppress or exclude testimony on Appellant's ability to work, Appellant's income, or Appellant's financial situation. Accordingly, the ruling of the Bankruptcy Court is affirmed.

### B. Bankruptcy Court's Alleged Failure to Enforce Motion to Compel

Lastly, Appellant argues that the Bankruptcy Court granted her motion to compel discovery but failed to enforce it at trial. (*E.g.*, Doc. No. 11, p. 43). Appellant argues that the Bankruptcy Judge appeared to have forgotten that the Order had been entered . (*Id.* at p. 44). Appellant further argues that she could not prove that Mr. Smilack committed perjury because the Bankruptcy Judge refused to enforce his Order granting her motion to compel discovery at trial. (Doc. No. 11, p. 48).

On the trial court's hearing on March 20, 2006, the Bankruptcy Judge granted in part a motion by Appellant to compel discovery of documents by Appellee, ruling that Appellee must produce documents requested by Appellant dating from May 2, 2000 until 2006. (Doc. No. 23-3, pp. 11-12; Doc. No. 1-16). A written Order was issued on April 5, 2006, which further clarified the Bankruptcy Judge's oral ruling. (Doc. No. 1-16). The Bankruptcy Court record reveals that on April 26, 2006, Appellant filed another motion to compel asking the Court to compel Appellee to produce documents pursuant to the prior Order. (*E.g.*, Doc. No. 1-4, p. 4). One week later, Appellee filed a motion to compel against Appellant. (*Id.* at p. 5). On May 30, 2006, Appellant filed a motion to dismiss the case as a sanction against Appellee for failing to obey the Bankruptcy Court's discovery Order. (Doc. No. 1-20). The trial court record confirms Appellant's contention that the Bankruptcy Judge never formally ruled on such motions in writing. (*See generally*, Doc. No. 1-4).

However, Appellant's argument that the Bankruptcy Court never ruled on such motions is not well taken. While the trial court never issued a written ruling, the transcripts at issue indicate that it considered the motions at issue, denied them, and gave the parties

legally sufficient reasons for denying such motions. At trial, the Bankruptcy Judge stated that he purposefully deferred ruling prior to trial on the parties' motions. (Doc. No. 23-6, p. 52). The Judge then stated that he did not feel that the items requested by the parties were necessary for making a decision in the case. (*Id.*) The Judge further alluded to the lack of merit of such motions in his final set of oral rulings to the parties at trial, where he suggested that "accusations" made by the parties against each other in the case lacked merit, stated that the only discharge-related award he would make would be for Mr. Smilack's items which were supported by the judgment of another court, and that neither side was entitled to any litigation-related costs or fees based on the litigation of the case in the Bankruptcy Court. (Doc. No. 23-7, pp. 57-59).

The Court finds no error in the rulings of the Bankruptcy Judge at trial. The trial court repeatedly warned Appellant that simply because she had evidence relating to one of her past claims against Appellee in the numerous other state and federal bankruptcy court proceedings, such material may not be relevant to the dischargeability issues present in the instant case. (*E.g.*, Doc. No. 23-5, pp. 21-22). In addition, contrary to Appellant's assertion, there is no indication anywhere in the record that the Bankruptcy Judge forgot about his April 5th Order.

Furthermore, even if Appellant could demonstrate that the Bankruptcy Court never formally ruled on her motions, any error in failing to specifically rule on these motions was harmless. *See, e.g., U.S. v. Stephen*, 569 F.2d 860, 861 (5th Cir. 1978) (harmless error to fail to formally rule on motion where record clearly reflects motion not well taken). Appellant argues that the trial court's failure to rule on her discovery Order adversely affected two of

the trial court's findings of fact, one regarding her health and ability to pay incurred debts, and the other relating to Appellee's assets and liabilities,and thus whether excepting the debt from discharge would be any benefit to Appellee.  (*E.g.*, Doc. No. 11, pp. 19, 45).  Clearly, Appellant's first point is without merit, as Appellee's alleged failure to produce documents about his finances has no affect on Appellant's ability to present evidence about her own physical and financial well-being.  Appellant's second argument is also not well taken, as the trial court permitted Appellant to present evidence and argument about Appellee's financial condition,[4] and further held that some of the items sought by the Appellant, such as the income levels of some of Appellee's businesses, were not relevant to the instant case.[5]  Appellee testified that he thought he produced some of the items requested by Appellant and failed to produce others because they were outside of the time frame of the trial court Order.[6]

The Bankruptcy Judge was entitled to credit Appellee's testimony as truthful.  *See, e.g., U.S. v. Galbraith,* 200 F.3d 1006, 1012 (7th Cir. 2000) (trial court entitled to credit testimony of one witness over another, even a potentially biased witness).  Accordingly, as the record clearly demonstrates that the Bankruptcy Judge did not fail to rule on Appellants' motions, and the Court finds no error in the rulings of the Bankruptcy Court on these issues, the judgment of the trial court is affirmed.

---

[4]   *See, e.g.,* Doc. No. 23-6, pp. 52-53, 54-55 (permitting Appellant to question Appellee on direct examination regarding his income, net worth, and assets); Doc. No. 23-7, pp. 42-43) (during closing argument, discussing the worth of Appellee's assets).

[5]   *See, e.g.,* Doc. No. 23-6, pp. 53 (holding that how much money Appellant's law practice has earned in attorney's fees in the prior year, with the exception of any claims against Appellant, was not relevant to the case).

[6]   Doc. No. 23-6, p. 51.

**Conclusion**

Based on the foregoing, the Court **AFFIRMS** the Order of the United States Bankruptcy Court. (Doc. No. 1-23). The Clerk shall close this case.

Dated this 28th day of August, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Party(ies)